

**CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND**

EMPLOYEE TRUSTEES
MARION M. WINSTEAD
ROBERT C. SANSONE
R. JERRY COOK
HAROLD D. LEU

EMPLOYER TRUSTEES
HOWARD McDOUGAL
ROBERT J. BAKER
R. C. PULLIAM, SR.
ARTHUR H. BUNTE, JR.

EXECUTIVE DIRECTOR
RONALD J. KUBALANZA

**08 C 1103**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE NOLAN**

## 1990 - SPECIAL BULLETIN - 90-7

DATE:   NOVEMBER, 1990

TO:   ALL LOCAL UNIONS AND EMPLOYERS WITH PARTICIPANTS IN CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND

RE:   SPLIT BARGAINING UNIT ARRANGEMENTS

   This bulletin has been issued to emphasize the Board of Trustees' long standing policy which prohibits the Pension Fund from participating in collective bargaining arrangements which encourage "adverse selection" and are, therefore, actuarially unsound.

   When establishing the contribution rate necessary to support a benefit level, the Trustees rely upon cost estimates of actuaries who assume that all employees of an employer in the same work classification will participate equally in the Pension Fund. However, if in practice the collective bargaining arrangement restricts pension coverage to only those employees likely to receive a benefit and excludes those employees less likely to receive a benefit, then the contribution rate is insufficient to support the benefit level. To protect the financial soundness of the Pension Fund, the Trustees must avoid this type of "adverse selection." Therefore the Trustees will terminate continued participation and reject collective bargaining arrangements which in practice result in adverse selection.

   Although not exhaustive, the following examples illustrate actuarially unsound arrangements which may result in contract rejection or termination of continued participation:

1. The collective bargaining agreement covers all of the employees who perform the same type of work (such as drivers), but does not require that contributions be made equally on all of the employees. Such unequal treatment may take the form of:

   (a) some employees participate in the Pension Fund while others do not; or

   (b) all employees participate in the Pension Fund, but at different contribution rates.

2. The collective bargaining agreement requires contributions to the Pension Fund on behalf of all employees, but the agreement in practice does not cover all employees of the employer who perform the same type of work. For example, an agreement might be structured to cover only certain specified individuals, instead of a classification of employment. Alternatively, the employer may establish a non-covered bargaining unit, corporate division or corporation which consists of employees who perform the same type of work as the covered bargaining unit but is generally differentiated from the covered employees based upon any of the following characteristics:

   (a) the age of such employees;

   (b) the length of service or seniority of such employees;

   (c) the employment commencement date of such employees;

   (d) the amount of "Credited Service" (as defined in the Pension Plan) of such employees; or

   (e) the likelihood of such employees to meet any of the prerequisites for any benefits defined in the Pension Plan.

3. The agreement provides reduced or no pension coverage for employees classified as "casual," "part-time" or "temporary," and in practice the employees are actually full-time, long-term employees.

This discussion is not intended to be an all inclusive list of unacceptable arrangements. Any collective bargaining arrangement that encourages adverse selection is subject to rejection by the Board of Trustees.

If you have any questions concerning this policy or the acceptability of a collective bargaining arrangement, please contact the Fund's Contract Department on extension 3169 so the matter may be promptly determined and any future problems avoided.

Sincerely,
BOARD OF TRUSTEES, CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND BY:

*[signature]*

RONALD J. KUBALANZA
EXECUTIVE DIRECTOR

90-PEN-3