**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
                                    )    Case No. 08 C 1103

       Plaintiffs, )

                                      )    District Judge Gettleman

   v.                            )

                                      )    Magistrate Judge Nolan

AUFFENBERG FORD, INC., an Illinois )
corporation, )
                                      )

       Defendant. )

**PARTIES' JOINT STATUS REPORT**

       NOW COME Plaintiffs and Defendant, by and through their attorneys, and

hereby submit the Parties' Joint Status Report.

A.    The date and time this matter is set for a status report before the Court.

       Wednesday, April 23, 2008, at 9:00 a.m.

B.    The attorneys of record for each party, indicating which attorney is expected to try the case.

         Plaintiffs' attorneys of record:
         Laura B. Bacon
         Albert M. Madden - expected to try the case.
         Rebecca K. McMahon
         Timothy C. Reuter

         Defendant's attorneys of record:
         Donald J. Vogel - expected to try the case.
         Stanley G. Schroeder - expected to try the case.
         Sara L. Pettinger

C.    The basis of federal jurisdiction.

This action arises under the Employee Retirement Income Security Act of 1974 (ERISA) and this Court has jurisdiction over this action pursuant to §§502(e) and 502(f) of ERISA, 29 U.S.C. §§1132(e) and 1132(f).

D.     Whether a jury has been requested and by which party:

A jury has not been requested by either party.

E.     The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case.

Defendant had an obligation to pay contributions to the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") on behalf of certain of Defendant's employees who were covered by a collective bargaining agreement between Defendant and Local Union No. 50.  Plaintiffs assert that from April 30, 2006 through February 10, 2007, Defendant failed to pay contributions that Plaintiffs contend that it owes pursuant to this obligation.  No counterclaims have been asserted to date.

F.     The relief sought by any party, including a computation of damages, if available.

Plaintiffs seek recovery of unpaid contributions, interest accrued thereon, the greater of doubled interest or liquidated damages, and  attorneys fees and costs pursuant to 29 U.S.C. §1132(g)(2).  Plaintiffs also seek recovery of audit fees and costs under the terms of the Pension Fund Trust Agreement.

G.     The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.

All named parties have been served.

H.     The principal legal issues (including the citation to any key legal authority related to such issue).

1.  Plaintiffs contend that the Defendant's obligation to contribute to the Pension Fund did not terminate until February 10, 2007.  Defendant contends that its obligation to contribute to the Pension Fund terminated on April 30, 2006. The principal legal issue underlying this dispute is at what point in time Defendant's obligation was properly terminated under the terms of the collective bargaining agreement, Participation Agreement, and Pension Fund Trust Agreement.

2.  Plaintiffs contend that Defendant had an obligation to contribute to the Pension Fund on behalf of all employees covered by the collective bargaining

agreement.  Defendant contends that some employees were covered under a separate collective bargaining agreement (the "401(k) CBA") that did not require contributions to be made to the Pension Fund.  The principal legal issue underlying this dispute is whether contributions are owed by Defendant with respect to employees covered by the 401(k) CBA.

I.      The principal factual issues, including the parties' respective positions on those issues.

      1.  The principal factual issue related to legal issue number 2, discussed above, is whether and/or when the 401(k) CBA was disclosed to the Pension Fund.  Plaintiffs contend that they were not aware of the 401(k) CBA until 2007 and Defendant contends that the Pension Fund was provided with notice of the 401(k) CBA at some time prior to 2007.

      2.  Another material factual issue related to legal issue number 2, discussed above, is the extent and scope of the 401(k) CBA and the nature of any contribution obligations under it.

      3.  Defendant contends that payment for any contribution delinquency prior to and through April 30, 2006 was paid prior to commencement of this lawsuit and service of it upon Defendant.  Plaintiffs contend that it did not receive payment until after the lawsuit was filed.  The factual issue underlying this dispute is whether the amounts were paid prior to commencement of the lawsuit.

J.      A brief description of all anticipated motions.

      Plaintiffs anticipate filing a summary judgment motion following the conclusion of discovery.  Defendant may file a cross-motion for summary judgment.

K.      A proposed discovery plan pursuant to F.R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.

      No discovery has been taken to date.  Discovery may be needed with regard to the following subjects: (1) What notice, if any was provided to the Pension Fund regarding the 401(k) CBA, (2) When Defendant's delinquent contributions for periods prior to April 30, 2006 were paid, (3) the extent and scope of the 401(k) CBA and the nature of any contribution obligation under it.

      The parties have agreed upon the following proposed discovery plan: Disclosures required under Rule 26(a)(1) will be made on or before <u>May 9, 2008.</u>

Proposed discovery cutoff: <u>December 12, 2008</u>
The parties do not anticipate the use of expert testimony in this case.

L.    The earliest date the parties would be ready for trial and the probable length of trial.

<u>March 16, 2009</u>.  However, a later trial date may be appropriate in order to allow for consideration of the anticipated summary judgment motion(s).  Trial would last approximately one day.

M.    The status of any settlement discussions and whether a settlement conference would be appropriate.

The parties engaged in settlement discussions prior to filing suit and were unable to reach a resolution.  A settlement conference would not be appropriate at this time.

N.    Whether the parties will consent to trial before a magistrate judge.

The parties will not consent to trial before a magistrate judge.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon, ARDC # 06288982
Attorney for Plaintiffs
Central States, Southeast and Southwest
Areas Pension Fund
9377 W. Higgins Rd.
Rosemont, Illinois 60018

/s/ Donald J. Vogel
Donald J. Vogel, ARDC #6191438
Attorney for Defendant
Scopelitis, Garvin, Light, Hanson & Feary
30 West Monroe St., Suite 600
Chicago, Illinois 60603

/s/ Stanley G. Schroeder
Stanley G. Schroeder, App. Pending
Attorney for Defendant
The Lowenbaum Partnership
222 South Central Avenue, Suite 901
St. Louis, Missouri 63105

## CERTIFICATE OF SERVICE

I, Laura B. Bacon, one of the attorneys for Plaintiffs, certify that on April 22, 2008, I caused the foregoing Parties' Joint Status Report to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system and by electronic mail to Stanley G. Schroeder at sschroeder@lowenbaumlaw.com.

/s/ Laura B. Bacon
Laura B. Bacon
One of Central States' Attorneys

F:260058 / 07119002 / 4/22/08